**FARUQI & FARUQI, LLP**
Benjamin Heikali (SBN 307466)
*E-mail: bheikali@faruqilaw.com*
Joshua Nassir (SBN 318344)
*E-mail: jnassir@faruqilaw.com*
10866 Wilshire Boulevard, Suite 1470
Los Angeles, CA 90024
Telephone: (424) 256-2884
Facsimile: (424) 256-2885

**THE WAND LAW FIRM, P.C.**
Aubry Wand (SBN 281207)
*E-mail: awand@wandlawfirm.com*
400 Corporate Pointe, Suite 300
Culver City, CA 90230
Telephone: (310) 590-4503
Facsimile: (310) 590-4596

*Attorneys for Plaintiffs and the Putative Classes*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ALISON TOY and ANDREA WARD, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HAWAIIAN HOST CANDIES OF L.A. INC.,<br><br>Defendant. | CASE NO.: 8:20-cv-2191<br><br>**CLASS ACTION COMPLAINT**<br><br>1. Violation of California Consumers Legal Remedies Act<br>2. Violation of California Unfair Competition Law<br>3. Violation of California False Advertising Law<br>4. Breach of California Express Warranty<br>5. Breach of California Implied Warranty<br>6. Intentional Misrepresentation<br>7. Negligent Misrepresentation<br>8. Unjust Enrichment and Common Law Restitution<br>9. Violation of Colorado Consumer Protection Act<br>10. Violation of Nevada Deceptive Practices Act<br><br>**DEMAND FOR JURY TRIAL** |

CLASS ACTION COMPLAINT

Plaintiffs Alison Toy and Andrea Ward ("Plaintiffs"), on behalf of themselves and all others similarly situated, bring this consumer protection and false advertising class action against Defendant Hawaiian Host Candies of L.A., Inc. ("Defendant"), predicated on Defendant's false and deceptive advertising and labels of its chocolate products. Plaintiffs make the following allegations based on the investigation of their counsel and on information and belief, except as to allegations pertaining to Plaintiffs individually, which are based on their personal knowledge.

## **INTRODUCTION**

1.     At all times relevant herein, Defendant has falsely and deceptively advertised that its chocolate products are from Hawaii when they are not (the "Hawaiian Host Products" or "Products").

2.     The Hawaiian Host Products are synonymous with Hawaii. For example, they are sold throughout the state of Hawaii at the airport, gift shops, and local shops such as ABC Stores. The Hawaiian Host Products are also sold by third party retailers nationwide and throughout the state of California.

3.     Part and parcel with their well-established connection to Hawaii is the packaging of Hawaiian Host Products, which is designed to reinforce the misconception that they are from Hawaii. Among other things, the packaging of the Hawaiian Host Products represents that they are "Hawaiian", includes references to Hawaiian culture, such as hibiscus flowers, palm trees, beaches, outrigger canoes, and Hawaiian landmarks, and states "HAWAIIAN HOST, INC. Honolulu Hawaii 96817".

4.     These representations, taken in isolation and as a whole, create the impression in consumers that the Hawaiian Host Products are made in Hawaii. As such, Plaintiffs and other consumers purchased the Hawaiian Host Products reasonably believing that they are made in Hawaii.

5.     However, unbeknownst to Plaintiffs and other consumers, the Hawaiian

CLASS ACTION COMPLAINT

Host Products are made in Gardena, California. They are simply not the unique Hawaiian chocolates as falsely and deceptively warranted by Defendant.

6. Had Plaintiffs and other consumers known that the Hawaiian Host Products are not made in Hawaii, they would have paid significantly less for them, or would not have purchased them at all. Therefore, Plaintiffs and consumers have suffered injury in fact as a result of Defendant's deceptive practices.

7. Plaintiffs bring this class action lawsuit on behalf of themselves and all others similarly situated. Plaintiffs seek to represent a Nationwide Class, a California Class, a California Consumer Subclass, a Colorado Class, and a Nevada Class (defined *infra* in paragraph 36-40) (collectively referred to as "Classes").

8. Plaintiffs, on behalf of themselves and other consumers, are seeking damages, restitution, declaratory and injunctive relief, and all other remedies the Court deems appropriate.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because (a) the proposed Classes, defined below, consist of more than one hundred members; (b) the parties are minimally diverse, as members of the proposed Classes are citizens of states different than Defendant's home state; and (c) the aggregate amount in controversy exceeds $5 million, exclusive of interests and costs.

10. This Court has personal jurisdiction over Defendant because Defendant has sufficient minimum contacts with the State of California, and/or otherwise intentionally avails itself of the markets in the State of California. The Hawaiian Host Products are made, packaged, distributed, and sold in California. Moreover, Defendant is a California corporation with its principal place of business in California.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(1) because Defendant regularly conducts business throughout this District, and a

2

CLASS ACTION COMPLAINT

substantial part of the events giving rise to this action occurred in this District.

**PARTIES**

12.     Plaintiff Alison Toy is a California citizen, and she currently resides in Yorba Linda, California. In early 2018, Plaintiff Alison Toy purchased the Hawaiian Host Milk Chocolate Alohamacs product from a Cost Plus World Market in Brea, California.

13.     Plaintiff Andrea Ward is a Colorado citizen, and she currently resides in Denver, Colorado. In early 2020, Plaintiff Andrea Ward purchased Hawaiian Host Milk Chocolate Alohamacs and Hawaiian Host Maui Caramacs from several retailers including the ABC Store in Los Angeles, California and Las Vegas, Nevada, Costco Wholesale in Arvada, Colorado, and H-Mart in Westminster, Colorado.

14.     In purchasing the Product, Plaintiffs saw and relied on the packaging. Specifically, Plaintiffs reasonably believed that the Hawaiian Host Alohamacs product was made in Hawaii because "Hawaiian" is prominently printed on the packaging of the product. Moreover, Plaintiffs' mistaken belief was reinforced by the package's references to Hawaiian culture, language, and landmarks. Plaintiffs' reasonable belief that the Hawaiian Host Alohamacs they purchased were from Hawaii was an important factor in their decision to purchase them. Plaintiffs would have paid significantly less for the Hawaiian Host Alohamacs product, or would not have purchased them at all, had they known that they were not made in Hawaii. Moreover, Plaintiff Ward reasonably believed that the Hawaiian Host Maui Caramacs product was made in Hawaii because "Hawaiian" is prominently printed on the packaging of the product. Plaintiff Ward's mistaken belief was reinforced by the package's references to Hawaiian culture, language, and landmarks. Plaintiff Ward also saw the statement "HAWAIIAN HOST, INC. Honolulu Hawaii 96817" on the packaging of both Products she purchased. Therefore, Plaintiffs suffered injury in fact and lost money as a result of Defendant's misleading, false, unfair, and deceptive

3

CLASS ACTION COMPLAINT

practices, as described herein.

15.   Despite being misled by Defendant, Plaintiffs wish to continue purchasing the Hawaiian Host Products in the future. Plaintiffs regularly visit stores in California and Colorado where the Hawaiian Host Products are sold. And while Plaintiffs now currently believe the Hawaiian Host Products are not made in Hawaii, Plaintiffs lack personal knowledge as to Defendant's specific business practices, leaving doubt in their mind as to the possibility that some of the Hawaiian Host Products could be made in Hawaii either now or in the future. Therefore, Plaintiffs may purchase the Hawaiian Host Products in the future. In addition, Class members will continue to purchase the Hawaiian Host Products, reasonably but incorrectly believing that they are made in Hawaii, based on the unlawful conduct alleged herein.

16.   Defendant is a California corporation with its principal place of business at 15601 S. Avalon Boulevard, Gardena, CA 90248.  Defendant owns and operates a large chocolate-making factory in Gardena, California that produces the candy it sells to consumers residing outside of Hawaii.[1]

## FACTUAL ALLEGATIONS

### A.   The Hawaiian Host Products at Issue

17.   The Hawaiian Host Products at issue in this case consist of all varieties (e.g., bars, bags, packs, and boxes) of Defendant's chocolate products that are made at Defendant's California factory, including but not limited to all Chocolates, Dark Chocolates, Macnut Crunch, Coconut Caramacs, Maui Caramacs, Kona Caramacs, Alohamacs, Founder's Collection, Island Macs Tiare, Hello Kitty, Honey Coasted Whole Macadamias, Toffeemacs, Matchamacs, Classic, and variety packs.

18.   The Hawaiian Host Products are sold across California, Colorado,

---

[1] https://www.bizjournals.com/pacific/stories/2003/12/29/smallb1.html (last visited November 09, 2020) ("What we make [in Hawaii], we sell to visitors and locals . . . The LA plant, which is about 20 minutes from LA airport, we use for mainland and international sales.").

4

Nevada, and the United States by third party retailers such as grocery chains, mom and pop stores, and large retail outlets.

**B.**      **The Packaging of The Hawaiian Host Products Is Likely To Mislead Reasonable Consumers**

19.      The packaging of the Hawaiian Host Products is misleading to reasonable consumers, including Plaintiffs and other Class members.

20.      The overall brand image of the Hawaiian Host Products revolves around their purported Hawaiian origin. In order to create the impression that the Hawaiian Host Products are made in Hawaii, and thereby maximize profits, Defendant makes express references to Hawaii and depicts images of Hawaiian landmarks, traditions, history, and culture, on the packaging of the Hawaiian Host Products.

21.      In short, Defendant intentionally misleads consumers into believing that the Hawaiian Host Products are made in Hawaii.

22.      The false and misleading representations on the Hawaiian Host Products' packaging (hereinafter referred to as the "Hawaii Representations") include but are not limited to the following:

  a.  The statement "HAWAIIAN HOST" is printed on the packaging of the Hawaiian Host Products.

  b.  Images of hula dancers, hibiscus flowers, palm trees, beaches and waves, outrigger canoes, and other Hawaiian landmarks are printed on the packaging of the Hawaiian Host Products.

  c.  The statement "HAWAI'I'S GIFT TO THE WORLD" is printed on the packaging of the Hawaiian Host Products.

  d.  The statement "HAWAIIAN HOST, INC. Honolulu, HI 96817" is printed on the packaging of the Hawaiian Host Products.

  e.  The following statement is printed on the packaging of the Hawaiian Host Products:
      OUR PROMISE TO YOU

CLASS ACTION COMPLAINT

Hawaiian Host products are made with aloha. If you are not satisfied with the quality or freshness of this product, please save the package for important details and call us toll-free at 1-888-414-4678.

f.   The following statement is printed on the packaging of the Hawaiian Host Products:

*Aloha!*

Hawaiian Host is the world's leading brand of premium chocolate covered macadamia nut products – an indulgence to savor and share every day. Our classic confections reflect our deep connection to Hawai'i and are meant to be shared with others in the true spirit of Aloha.

23.   Representative images of the Hawaiian Host Products are depicted below:



CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9



10
11
12
13
14
15
16
17
18
19
20
21
22



23
24
25
26
27
28

CLASS ACTION COMPLAINT



8

CLASS ACTION COMPLAINT

**C.**   **The Marketing of The Hawaiian Host Products Bolsters the Misconception That the Hawaiian Host Products Are from Hawaii**

24.    Although this action is predicated on the false and deceptive representations made on the Hawaiian Host Products' packaging, as detailed above, Defendant has also implemented a marketing campaign designed to bolster the misconception that the Hawaiian Host Products are made in Hawaii. This marketing campaign includes print advertisements and a social media presence.

25.    For example, Defendant has run print advertisements which clearly convey the message that the Hawaiian Host Products are from Hawaii. Below is an example of a print advertisement that was run in the Hawaiian Airlines magazine during the statute of limitations period:



26.    Defendant's Twitter feed is also rife with images that convey the message that the Hawaiian Host Products are from Hawaii. Below are several representative images from Defendant's Twitter feed during the statute of limitations period:

CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





10



27.    Defendant's Instagram page for the Hawaiian Host Products also revolves around Hawaii. Below is a representative image from Defendant's Instagram page during the statute of limitations period

11

CLASS ACTION COMPLAINT

**D.    The Hawaiian Host Products Are Not Made in Hawaii**

28.    As set forth above, through its packaging and advertising of the Hawaiian Host Products, Defendant has intentionally propagated the misconception that the Hawaiian Host Products are made in Hawaii. However, Plaintiffs are informed and believe that the Hawaiian Host Products sold in the continental United States are not made in Hawaii.

29.    Instead, Plaintiffs are informed and believe that the Hawaiian Host Products sold in California, Colorado, Nevada, and the rest of the mainland or continental United States during the relevant statute of limitations period have been made at Defendant's factory located in Gardena, California. An image of this manufacturing plant is depicted below:[2]



30.    In addition, a former vice president for sales and marketing, was quoted in a December 2003 article in Hawaii Pacific Business News as saying, "What we make here [Hawaii], we sell to visitors and locals," and "The LA plant, which is about 20 minutes from LA [airport], we use for mainland and international sales."[3]

**E.    The False and Deceptive Hawaii Representations Harm Consumers**

31.    Defendant deceptively packages the Hawaiian Host Products as being made in Hawaii in order to exploit strong consumer sentiment for Hawaiian-made

---

[2] https://goo.gl/maps/zNSVirCmcnLZdCpz6 (last visited November 09, 2020).

[3] https://www.bizjournals.com/pacific/stories/2003/12/29/smallb1.html (last visited November 09, 2020).

12

goods. Indeed, the Hawaiian Host Products are synonymous with Hawaii and they are unique because consumers believe they are from Hawaii. In other words, the Hawaiian Host Products obtain brand differentiation based on the fact that they are from Hawaii.

32.     Plaintiffs and other consumers purchased the Hawaiian Host Products, relying on Defendant's Hawaii representations, reasonably believing that the Hawaiian Host Products are made in Hawaii.

33.     Plaintiffs' and other consumers' reasonable belief that the Hawaiian Host Products they purchased were made in Hawaii was a significant factor in each of their decisions to purchase the products.

34.     Plaintiffs and Class members did not know, and had no reason to know, that the Hawaiian Host Products were not made in Hawaii because of how the products are deceptively packaged and advertised to create the impression that they are made in Hawaii.

35.     Consumers are willing to pay more for the Hawaiian Host Products based on the Hawaii representations. Plaintiffs and other consumers would have paid significantly less for the Hawaiian Host Products, or would not have purchased them at all, had they known that the Hawaiian Host Products were not made in Hawaii. Therefore, Plaintiffs and other consumers purchasing the Hawaiian Host Products suffered injury in fact and lost money as a result of Defendant's false and deceptive practices, as described herein.

## CLASS ACTION ALLEGATIONS

36.     Plaintiffs bring this case as a class action that may be properly maintained under Federal Rule of Civil Procedure 23 on behalf of themselves and all persons in the United States, except for the state of Hawaii, who within the relevant statute of limitations periods, purchased any of the Hawaiian Host Products ("Nationwide Class").

CLASS ACTION COMPLAINT

37. Plaintiffs also seek to represent all California citizens who purchased any of the Hawaiian Host Products in the state of California within the relevant statute of limitations period ("California Class").

38. Plaintiffs also seek to represent all California citizens who purchased any of the Hawaiian Host Products for personal, family, or household purposes in the state of California within the relevant statute of limitations period ("California Consumer Subclass").

39. Plaintiff Andrea Ward also seeks to represent all Colorado citizens who purchased any of the Hawaiian Host Products during the relevant statute of limitations periods ("Colorado Class").

40. Plaintiff Andrea Ward also seeks to represent all Nevada citizens who purchased any of the Hawaiian Host Products during the relevant statute of limitations periods ("Nevada Class").

41. Excluded from the Classes are the following individuals and/or entities: Defendant and its parents, subsidiaries, affiliates, officers and directors, current or former employees, and any entity in which Defendant has a controlling interest; all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

42. Plaintiffs reserve the right to modify or amend the class definitions with greater specificity after having had an opportunity to conduct discovery.

43. Plaintiff Alison Toy is a member of the Nationwide Class, California Class, and California Consumer Subclass.

44. Plaintiff Andrea Ward is a member of all Classes.

45. <u>Numerosity:</u> The proposed classes and subclass are so numerous that joinder of all members would be impractical. The Hawaiian Host Products are sold nationwide and throughout California, Colorado, and Nevada at numerous retailers.

14

The number of individuals who purchased the Hawaiian Host Products during the relevant time period is at least in the thousands. Accordingly, Class members are so numerous that their individual joinder herein is impractical. While the precise number of Class members and their identities are unknown to Plaintiffs at this time, these Class members are identifiable and ascertainable through discovery.

46.    Common Questions Predominate: There are questions of law and fact common to the proposed Classes that will drive the resolution of this action and will predominate over questions affecting only individual Class members. These questions include, but are not limited to, the following:

a.  Whether Defendant misrepresented material facts and/or failed to disclose material facts in connection with the packaging, marketing, distribution, and sale of the Hawaiian Host Products;

b.  Whether Defendant's use of false or deceptive packaging and advertising constituted false or deceptive advertising;

c.  Whether Defendant engaged in unfair, unlawful and/or fraudulent business practices;

d.  Whether Defendant's unlawful conduct, as alleged herein, was intentional and knowing;

e.  Whether Plaintiffs and the Classes are entitled to damages and/or restitution, and in what amount;

f.  Whether Defendant is likely to continue using false, misleading or unlawful conduct such that an injunction is necessary; and

g.  Whether Plaintiffs and the Classes are entitled to an award of reasonable attorneys' fees, interest, and costs of suit.

47.    Defendant has engaged in a common course of conduct giving rise to violations of the legal rights sought to be enforced uniformly by Plaintiffs and Class members. Similar or identical statutory and common law violations, business

15

CLASS ACTION COMPLAINT

practices, and injuries are involved. The injuries sustained by members of the proposed Classes flow, in each instance, from a common nucleus of operative fact, namely, Defendant's deceptive packaging and advertising of the Hawaiian Host Products. Each instance of harm suffered by Plaintiffs and Class members has directly resulted from a single course of illegal conduct. Class members have been exposed to the same or substantially similar deceptive practice, as each of the Hawaiian Host Products has the same core "Hawaiian Host" statement prominently printed on the front packaging, in addition to the other deceptive statements and imagery described above. Therefore, individual questions, if any, pale in comparison to the numerous common questions presented in this action.

48.  Superiority: Because of the relatively small amount of damages at issue for each individual Class member, no Class member could afford to seek legal redress on an individual basis. Furthermore, individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. A class action is superior to any alternative means of prosecution.

49.  Typicality: Plaintiffs' claims are typical of those of the proposed Classes, as all members of the proposed Classes are similarly affected by Defendant's uniform unlawful conduct as alleged herein.

50.  Adequacy: Plaintiffs will fairly and adequately protect the interests of the proposed Classes as their interests do not conflict with the interests of the members of the proposed Classes they seek to represent, and they have retained counsel competent and experienced in class action litigation. The interests of the members of the Classes will be fairly and adequately protected by the Plaintiffs and their counsel.

51.  Defendant has also acted, or failed to act, on grounds generally applicable to Plaintiffs and the proposed Classes, supporting the imposition of

16

uniform relief to ensure compatible standards of conduct toward the members of the Classes.

52.     This lawsuit is maintainable as a class action under Federal Rule of Civil Procedure 23(b)(2) because Defendant has acted or refused to act on grounds that are generally applicable to the class members, thereby making final injunctive relief appropriate with respect to all Classes.

53.     This lawsuit is maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3) because the questions of law and fact common to the members of the Classes predominate over any questions that affect only individual members, and because the class action mechanism is superior to other available methods for the fair and efficient adjudication of the controversy.

### FIRST CLAIM FOR RELIEF
**Violation of California's Consumers Legal Remedies Act ("CLRA"),
California Civil Code § 1750, *et seq*.
(*for the Nationwide Class; in the alternative, California Consumer Subclass*)**

54.     Plaintiffs repeat the allegations contained in paragraphs 1-53 above as if fully set forth herein.

55.     Plaintiffs bring this claim individually and on behalf of the members of the proposed Nationwide Class, or in the alternative, for California Consumer Subclass, against Defendant.

56.     The Hawaiian Host Products are "goods" within the meaning of Cal. Civ. Code § 1761(a), and the purchases of such Hawaiian Host Products by Plaintiffs and members of the Nationwide and California Consumer Subclass constitute "transactions" within the meaning of Cal. Civ. Code § 1761(e).

57.     Cal. Civ. Code § 1770(a)(2) prohibits "misrepresenting the source, sponsorship, approval, or certification of goods or services." By marketing the Hawaiian Host Products with their current packaging, Defendant has represented and continues to represent that the source of the Hawaiian Host Products is Hawaii, when it

CLASS ACTION COMPLAINT

is not. Therefore, Defendant has violated section 1770(a)(2) of the CLRA.

58.   Cal. Civ. Code § 1770(a)(4) prohibits "using deceptive representations or designations of geographical origin in connection with goods or services." By marketing the Hawaiian Host Products with their current packaging, Defendant has used deceptive representations and designations of the Products' geographical origin (Hawaii). Therefore, Defendant has violated section 1770(a)(4) of the CLRA.

59.   Cal. Civ. Code § 1770(a)(5) prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have . . . ." By marketing the Hawaiian Host Products with their current packaging, Defendant has represented and continues to represent that the Products have characteristics (from Hawaii or made in Hawaii) that they do not have. Therefore, Defendant has violated section 1770(a)(5) of the CLRA.

60.   Cal. Civ. Code § 1770(a)(7) prohibits "[r]espresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another." By marketing the Hawaiian Host Products with their current packaging, Defendant has represented and continues to represent that the Hawaiian Host Products are of a particular style (from Hawaii or made in Hawaii) when they are of another. Therefore, Defendant has violated section 1770(a)(7) of the CLRA.

61.   Cal. Civ. Code § 1770(a)(9) prohibits "[a]dvertising goods or services with intent not to sell them as advertised." By marketing the Hawaiian Host Products with their current packaging, such that a reasonable consumer would believe that the products are from Hawaii, but not intending to sell a product from Hawaii, Defendant has violated section 1770(a)(9) of the CLRA.

62.   Defendant has also violated the CLRA by intentionally failing to disclose that the Hawaiian Host Products are not made in Hawaii, in order to induce consumers' purchases of the Hawaiian Host Products.

63.   At all relevant times, Defendant has known or reasonably should have

18

CLASS ACTION COMPLAINT

known that the Hawaiian Host Products were not from Hawaii, and that Plaintiffs and other members of the Class would reasonably and justifiably rely on the packaging in purchasing the Hawaiian Host Products.

64.    Plaintiffs and members of the Nationwide and California Consumer Subclass have justifiably relied on Defendant's misleading representations when purchasing the Hawaiian Host Products, reasonably believing the Hawaiian Host Products were made in Hawaii based on these representations. Moreover, based on the materiality of Defendant's misleading and deceptive conduct, reliance may be presumed or inferred for Plaintiffs and members of the Nationwide and California Consumer Subclass.

65.    Plaintiffs and members of the Nationwide and California Consumer Subclass have suffered and continue to suffer injuries caused by Defendant because they would have paid significantly less for the Hawaiian Host Products, or would not have purchased them at all, had they known that the Hawaiian Host Products are not from Hawaii.

66.    In accordance with Cal. Civ. Code § 1780(d), Plaintiffs are filing a declaration of venue, attached hereto to this Complaint.

67.    Under Cal. Civ. Code § 1780(a), Plaintiffs and members of the Nationwide and California Consumer Subclass are seeking injunctive relief pursuant to the CLRA, preventing Defendant from further wrongful acts and unfair and unlawful business practices, as well as restitution, disgorgement of profits, and any other relief this Court deems proper.

68.    Pursuant to Cal. Civ. Code § 1782, on November 21, 2019, counsel for Plaintiffs mailed a notice and demand letter by certified mail to Defendant, noticing Defendant of Plaintiff Toy's intent to pursue claims on behalf of herself and all others similarly situated under the CLRA and other violations of the law, and an opportunity to cure, consistent with Cal. Civ. Code § 1782. Defendant received the letter on

November 25, 2019. Because Defendant has failed to rectify or remedy the damages within 30 days of receipt of the letter, Plaintiffs are timely filing this Complaint for damages against Defendant, pursuant to the CLRA.

**SECOND CLAIM FOR RELIEF**
**Violation of California's Unfair Competition Law ("UCL"),**
**California Business & Professions Code § 17200, *et seq.***
**(*for the Nationwide Class; in the alternative, for the California Classes*)**

69.    Plaintiffs repeat the allegations contained in paragraphs 1-53 above as if fully set forth herein.

70.    Plaintiffs bring this claim individually and on behalf of the members of the proposed Nationwide Class, or in the alternative, the California Classes against Defendant.

71.    Cal. Bus. & Prof Code § 17200 provides, in pertinent part, that "unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising . . . ."

72.    Under the UCL, a business act or practice is "unlawful" if it violates any established state or federal law. Defendant's false and misleading advertising of the Hawaiian Host Products was and continues to be "unlawful" because it violates the CLRA, California's False Advertising Law ("FAL"), and other applicable laws as described herein. As a result of Defendant's unlawful business acts and practices, Defendant has unlawfully obtained money from Plaintiffs, and members of the Nationwide and California Classes.

73.    Under the UCL, a business act or practice is "unfair" if the Defendant's conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the benefits for committing such acts or practices are outweighed by the gravity of the harm to the alleged victims. Defendant's conduct was and continues to be of no benefit to purchasers of the Hawaiian Host Products, as it is misleading, unfair, unlawful, and is injurious to

CLASS ACTION COMPLAINT

consumers who rely on the packaging. Creating consumer confusion as to the actual location of where the Hawaiian Host Products are made is of no benefit to consumers. Therefore, Defendant's conduct was and continues to be "unfair." As a result of Defendant's unfair business acts and practices, Defendant has and continues to unfairly obtain money from Plaintiffs, and members of the Nationwide and California Classes.

74.    Under the UCL, a business act or practice is "fraudulent" if it actually deceives or is likely to deceive members of the consuming public. Defendant's conduct here was and continues to be fraudulent because it has the effect of deceiving consumers into believing that the Hawaiian Host Products are made in Hawaii, when they are not.  Defendant's conduct is also fraudulent because Defendant fails to disclose that the Products are not made in Hawaii in order to induce consumers' purchases of the Hawaiian Host Products. Because Defendant misled Plaintiffs and members of the Nationwide and California Classes, Defendant's conduct was "fraudulent." As a result of Defendant's fraudulent business acts and practices, Defendant has and continues to fraudulently obtain money from Plaintiffs, and members of the Nationwide and California Classes.

75.    Plaintiffs request that this Court cause Defendant to restore this unlawfully, unfairly, and fraudulently obtained money to them, and members of the Nationwide and California Classes, to disgorge the profits Defendant made on these transactions, and to enjoin Defendant from violating the UCL or violating it in the same fashion in the future as discussed herein. Otherwise, Plaintiffs, and members of the Nationwide and California Classes may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

/ /

/ /

/ /

CLASS ACTION COMPLAINT

**THIRD CLAIM FOR RELIEF**
**Violation of California's False Advertising Law ("FAL"),**
**California Business & Professions Code § 17500, *et seq***
***(for the Nationwide Class; in the alternative, for the California Classes)***

76.     Plaintiffs repeat the allegations contained in paragraphs 1-53 above as if fully set forth herein.

77.     Plaintiffs bring this claim individually and on behalf of the members of the proposed Nationwide Class, or in the alternative, California Classes against Defendant.

78.     California's FAL makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public . . . in any advertising device . . . or in any other manner or means whatever, including over the Internet, any statement, concerning . . . personal property or services professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."  Cal. Bus. & Prof. Code § 17500.

79.     Defendant has represented and continues to represent to the public, including Plaintiffs and members of the Nationwide and California Classes, through Defendant's deceptive packaging, that the Hawaiian Host Products are made in Hawaii. Defendant's representations are misleading because the Hawaiian Host Products are not made in Hawaii. Because Defendant has disseminated misleading information regarding the Hawaiian Host Products, and Defendant knows, knew, or should have known through the exercise of reasonable care that the representations were and continue to be misleading, Defendant has violated the FAL.

80.     Defendant's conduct is also misleading because Defendant fails to disclose that the Hawaiian Host Products are not made in Hawaii in order to induce consumers' purchases of the Hawaiian Host Products.

81.     As a result of Defendant's false advertising, Defendant has and continues to fraudulently obtain money from Plaintiffs and members of the Nationwide and

22

1  California Classes.

2      82.    Plaintiffs request that this Court cause Defendant to restore this

3  fraudulently obtained money to them and members of the Nationwide and California

4  Classes, to disgorge the profits Defendant made on these transactions, and to enjoin

5  Defendant from violating the FAL or violating it in the same fashion in the future as

6  discussed herein. Otherwise, Plaintiffs and members of the Nationwide and California

7  Classes may be irreparably harmed and/or denied an effective and complete remedy

8  if such an order is not granted.

9                    **FOURTH CLAIM FOR RELIEF**
                    **Breach of Express Warranty**
10  ***(for the Nationwide Class; in the alternative, for the California, Colorado, &***
11                    ***Nevada Classes)***

12      83.    Plaintiffs repeat the allegations contained in paragraphs 1-53 above as if

13  fully set forth herein.

14      84.    Plaintiffs bring this claim individually and on behalf of the members of

15  the proposed Nationwide Class. In the alternative, Plaintiffs bring this claim

16  individually and on behalf of the proposed California, Colorado, and Nevada Classes.

17      85.    California Commercial Code § 2313 provides that "(a) Any affirmation

18  of fact or promise made by the seller to the buyer which relates to the goods and

19  becomes part of the basis of the bargain creates an express warranty that the goods

20  shall conform to the affirmation or promise," and "(b) Any description of the goods

21  which is made part of the basis of the bargain creates an express warranty that the

22  goods shall conform to the description." Cal. Com. Code § 2313. Nevada's and

23  Colorado's express warranty laws set an identical standard. Nev. Rev. Stat. §

24  104.2313, Colo. Rev. Stat. § 4-2-313.

25      86.    Defendant has expressly warranted on the packaging of the Hawaiian

26  Host Products that they are made in Hawaii.  More specifically, Defendant states on

27  the Hawaiian Host Products' packaging: "HAWAIIAN HOST, INC. Honolulu, HI

28  96817".

                                    23

87.     Defendant also states on the Hawaiian Host Products' packaging:
OUR PROMISE TO YOU

Hawaiian Host products are made with aloha. If you are not satisfied with the quality or freshness of this product, please save the package for important details and call us toll-free at 1-888-414-4678.

88.     These representations about the Products: (1) are an affirmation of fact or promise made by Defendant to consumers that the Hawaiian Host Products are in fact made in Hawaii; (2) became part of the basis of the bargain to purchase the Hawaiian Host Products when Plaintiffs relied on the representations; and (3) created an express warranty that the Hawaiian Host Products would conform to that affirmation of fact or promise. In the alternative, the representations about the Hawaiian Host Products are a description of goods which was made as part of the basis of the bargain to purchase the Hawaiian Host Products, and which created an express warranty that the Hawaiian Host Products would conform to the product description.

89.     Plaintiffs and members of the Nationwide, California, Colorado, and Nevada Classes reasonably and justifiably relied on the foregoing express warranty, believing that the Hawaiian Host Products did in fact conform to that warranty.

90.     Defendant has breached the express warranty made to Plaintiffs and members of the Nationwide, California, Colorado, and Nevada Classes by failing to manufacture the Hawaiian Host Products in Hawaii.

91.     Plaintiffs and members of the Nationwide, California, Colorado, and Nevada Classes paid a premium price for the Hawaiian Host Products but did not obtain the full value of the Products as represented. If Plaintiffs and members of the Nationwide, California, Colorado, and Nevada Classes had known of the true nature of the Hawaiian Host Products, they would not have been willing to pay the premium price associated with the Hawaiian Host Products.

CLASS ACTION COMPLAINT

92.     As a result, Plaintiffs and members of the Nationwide, California, Colorado, and Nevada Classes were injured as a direct and proximate result of Defendant's breach, and deserve to recover all damages afforded under the law.

93.     Within a reasonable amount of time after Plaintiffs discovered that Defendant did in fact breach the express warranty, Plaintiffs notified Defendant of the breach. Thus, Defendant received timely notice of the breach.

## FIFTH CLAIM FOR RELIEF
### Breach of Implied Warranty
***(for the Nationwide Class; in the alternative, for the California, Colorado, & Nevada Classes)***

94.     Plaintiffs repeat the allegations contained in paragraphs 1-53 above as if fully set forth herein.

95.     Plaintiffs bring this claim individually and on behalf of the members of the proposed Nationwide Class, or in the alternative, California, Colorado, and Nevada Classes against Defendant.

96.     California Commercial Code § 2314(2) provides that "[g]oods to be merchantable must be at least such as . . . (f) Conform to the promises or affirmations of fact made on the container or label if any." Cal. Com. Code § 2314(2)(f). Nevada's and Colorado's implied warranty laws set an identical standard in this regard. Colo. Rev. Stat. § 4-2-314, Nev. Rev. Stat. Ann. § 104.2314.

97.     Defendant is a merchant with respect to the sale of the Hawaiian Host Products. Therefore, a warranty of merchantability is implied in every contract for sale of the Hawaiian Host Products to consumers.

98.     By advertising the Hawaiian Host Products with their current packaging, Defendant made an implied promise that the Hawaiian Host Products were made in Hawaii. By not making the Hawaiian Host Products in Hawaii, Defendant has not conformed to the promises made on the label. Plaintiffs and consumers did not receive the goods as impliedly warranted by Defendant to be merchantable.

99.    Therefore, the Hawaiian Host Products are not merchantable under the law and Defendant has breached its implied warranty of merchantability in regard to the Hawaiian Host Products.

100.    If Plaintiffs and members of the Nationwide, California, Colorado, and Nevada Classes had known that the Hawaiian Host Products were not made in Hawaii, they would not have been willing to pay the premium price associated with them. Therefore, as a direct and/or indirect result of Defendant's breach, Plaintiffs and members of the Nationwide, California, Colorado, and Nevada Classes have suffered injury and deserve to recover all damages afforded under the law.

**SIXTH CLAIM FOR RELIEF**
**Intentional Misrepresentation**
***(for the Nationwide Class; in the alternative, for the California Classes)***

101.    Plaintiffs repeat the allegations contained in paragraphs 1-53 above as if fully set forth herein.

102.    Plaintiffs bring this claim individually and on behalf of the members of the proposed Nationwide Class, or in the alternative, California Classes against Defendant.

103.    Defendant marketed the Hawaiian Host Products in a manner indicating that the Hawaiian Host Products are from Hawaii. However, the Hawaiian Host Products are not made in Hawaii. Therefore, Defendant has made misrepresentations as to the Hawaiian Host Products.

104.    Defendant's misrepresentations regarding the Hawaiian Host Products are material to a reasonable consumer because they relate to the characteristics and source of the Hawaiian Host Products. A reasonable consumer would attach importance to such representations and would be induced to act thereon in making purchase decisions.

105.    At all relevant times when such misrepresentations were made, Defendant knew that the representations were misleading, or has acted recklessly in

26

making the representations, without regard to the truth.

106.   Defendant intends that Plaintiffs and other consumers rely on these representations, as evidenced by Defendant intentionally using packaging that either directly states or clearly implies that the Hawaiian Host Products are from Hawaii.

107.   Plaintiffs and members of the Nationwide and California Classes have reasonably and justifiably relied on Defendant's intentional misrepresentations when purchasing the Hawaiian Host Products, and had the correct facts been known, would not have purchased them at the prices at which they were offered.

108.   Therefore, as a direct and proximate result of Defendant's intentional misrepresentations, Plaintiffs and members of the proposed Nationwide and California Classes have suffered economic losses and other general and specific damages, including but not limited to the amounts paid for the Hawaiian Host Products, and any interest that would have accrued on those monies, all in an amount to be proven at trial.

## SEVENTH CLAIM FOR RELIEF
### Negligent Misrepresentation
***(for the Nationwide Class; in the alternative, for California Classes)***

109.   Plaintiffs repeat the allegations contained in paragraphs 1-53 above as if fully set forth herein.

110.   Plaintiffs bring this claim individually and on behalf of the members of the proposed Nationwide Class, or in the alternative, California Classes against Defendant.

111.   Defendant marketed the Hawaiian Host Products in a manner indicating that the Hawaiian Host Products are from Hawaii. However, the Hawaiian Host Products are not made in Hawaii. Therefore, Defendant has made misrepresentations as to the Hawaiian Host Products.

112.   Defendant's misrepresentations regarding the Hawaiian Host Products are material to a reasonable consumer because they relate to the characteristics and

27

source of the Hawaiian Host Products. A reasonable consumer would attach importance to such representations and would be induced to act thereon in making purchase decisions.

113. At all relevant times when such misrepresentations were made, Defendant knew or had been negligent in not knowing that that the Hawaiian Host Products were not from Hawaii. Defendant had no reasonable grounds for believing its misrepresentations were not false and misleading.

114. Defendant intends that Plaintiffs and other consumers rely on these representations, as evidenced by Defendant intentionally using packaging that either directly states or clearly implies that the Hawaiian Host Products are from Hawaii.

115. Plaintiffs and members of the Nationwide and California Classes have reasonably and justifiably relied on Defendant's negligent misrepresentations when purchasing the Hawaiian Host Products, and had the correct facts been known, would not have purchased them at the prices at which they were offered.

116. Therefore, as a direct and proximate result of Defendant's negligent misrepresentations, Plaintiffs and members of the Nationwide and California Classes have suffered economic losses and other general and specific damages, including but not limited to the amounts paid for the Hawaiian Host Products, and any interest that would have accrued on those monies, all in an amount to be proven at trial.

**EIGHTH CLAIM FOR RELIEF**
**Quasi Contract/Unjust Enrichment/Restitution**
***(for the Nationwide Class; in the alternative, California Classes)***

117. Plaintiffs repeat the allegations contained in paragraphs 1-53 above as if fully set forth herein.

118. Plaintiffs bring this claim individually and on behalf of the members of the proposed Nationwide Class, or in the alternative, California Classes against Defendant.

119.   As alleged herein, Defendant has intentionally and recklessly made misleading representations to Plaintiffs and members of the Nationwide and California Classes to induce them to purchase the Hawaiian Host Products. Plaintiffs and members of the Nationwide and California Classes have reasonably relied on the misleading representations and have not received all of the benefits promised by Defendant. Plaintiffs and members of the Nationwide and California Classes therefore have been induced by Defendant's misleading and deceptive representations about the Hawaiian Host Products, and paid more money to Defendant for the Hawaiian Host Products than they otherwise would and/or should have paid.

120.   Plaintiffs and members of the Nationwide and California Classes have conferred a benefit upon Defendant as Defendant has retained monies paid to them by Plaintiffs and members of the Nationwide and California Classes.

121.   The monies received were obtained under circumstances that were at the expense of Plaintiffs and members of the Nationwide and California Classes – i.e., Plaintiffs and members of the Nationwide and California Classes did not receive the full value of the benefit conferred upon Defendant.

122.   Therefore, it is inequitable and unjust for Defendant to retain the profit, benefit, or compensation conferred upon them without paying Plaintiffs and the Nationwide and California Classes back for the difference of the full value of the benefits compared to the value actually received.

123.   As a direct and proximate result of Defendant's unjust enrichment, Plaintiffs and members of the Nationwide and California Classes are entitled to restitution, disgorgement, and/or the imposition of a constructive trust upon all profits, benefits, and other compensation obtained by Defendant from its deceptive, misleading, and unlawful conduct as alleged herein.

/ /

/ /

CLASS ACTION COMPLAINT

**NINTH CLAIM FOR RELIEF**
**Violation of Colorado Consumer Protection Act**
**Colo. Rev. Stat. §§ 6-1-101, *et seq.***
(*for the Colorado Class*)

124.   Plaintiff Andrea Ward repeats the allegations contained in paragraphs 1-53 above as if fully set forth herein.

125.   Plaintiff Andrea Ward brings this claim individually and on behalf of the members of the proposed Colorado Class against Defendant.

126.   Defendant is a "person" as defined by Colo. Rev. Stat. § 6-1-102(6).

127.   Under Colo. Rev. Stat. § 6-1-113, Plaintiff Andrea Ward and members of the Colorado Class, as well as the general public, are actual or potential consumers of the products and services offered by Defendant, or successors in interest to actual consumers.

128.   Defendant engaged in deceptive trade practices in the course of its business, in violation of Colo. Rev. Stat. § 6-1-105(1) by misrepresenting that Hawaiian Host Products are made in Hawaii when they are not, as well as by intentionally failing to disclose this information in order to induce consumers' purchases of the Hawaiian Host Products.

129.   Under Colo. Rev. Stat. § 6-1-105(1)(b), a person engages in a deceptive trade practice when, the person "[e]ither knowingly or recklessly makes a false representation as to the source, sponsorship, approval, or certification of goods, services, or property." By marketing the Hawaiian Host Products with their current packaging, Defendant has knowingly or recklessly represented and continues to represent that the source of the Hawaiian Host Products is Hawaii, when it is not. Therefore, Defendant has violated section 6-1-105(1)(b) of the Colorado Consumer Protection Act.

130.   Colo. Rev. Stat. § 6-1-105(1)(d) prohibits using "[d]eceptive

30

representations or designations of geographic origin in connection with goods or services." By marketing the Hawaiian Host Products with their current packaging, Defendant has used deceptive representations and designations of the Products' geographical origin (Hawaii). Therefore, Defendant has violated section 6-1-105(1)(d) of the Colorado Consumer Protection Act.

131.   Under Colo. Rev. Stat. § 6-1-105(1)(e), a person engages in a deceptive trade practice when the person "[e]ither knowingly or recklessly makes a false representation as to the characteristics, ingredients, uses, benefits, alterations, or quantities of goods, food, services, or property . . . ." By marketing the Hawaiian Host Products with their current packaging, Defendant has represented and continues to represent that the Products have characteristics (from Hawaii or made in Hawaii) that they do not have. Therefore, Defendant has violated section 6-1-105(1)(e) of the Colorado Consumer Protection Act.

132.   By engaging in deceptive trade practices in the course of their business and vocation, directly or indirectly affecting the people of Colorado, Defendant violated Colo. Rev. Stat. § 6-1-105(1)(g) by representing that goods and services are of a particular standard or quality when they knew or should have known that they are of another.

133.   Under Colo. Rev. Stat. § 6-1-105(1)(i), a person engages in a deceptive trade practice when the person "[a]dvertises goods, services, or property with intent not to sell them as advertised". By marketing the Hawaiian Host Products with their current packaging, such that a consumer would believe that the products are from Hawaii, but not intending to sell a product from Hawaii as advertised, Defendant has violated section 6-1-105(1)(i) of the Colorado Consumer Protection Act.

134.   Defendant's representations and omissions were material because they were likely to deceive reasonable consumers.

135.   Plaintiff Andrea Ward and members of the Colorado Class acted

31

reasonably when they purchased Hawaiian Host Products based on their belief that Defendant's representations were true and lawful.

136.   Defendant violated Colorado's Consumer Protection Act, and recklessly disregarded the rights of Plaintiff Andrea Ward and members of the Colorado Class, by accepting payments in full for Hawaiian Host Products that were in fact not made in Hawaii.

137.   As a direct and proximate result of Defendant's deceptive trade practices, Plaintiff Andrea Ward and members of the Colorado Class suffered injuries to their legally protected interests, including because: (a) they would not have been willing to pay the premium price associated with the Hawaiian Host Products absent Defendant's representations and omissions; and (b) the Hawaiian Host Products did not have the characteristics, benefits, or quantities as promised.

138.   Defendant's deceptive trade practices significantly impact the public because upon information and belief, Defendant sells a large number of Hawaiian Host Products to consumers located in Colorado.

139.   Plaintiff Andrea Ward and members of the Colorado Class seek all monetary and non-monetary relief allowed by law, including actual damages, costs and attorneys' fees.

**TENTH CLAIM FOR RELIEF**
**Violation of the Deceptive Trade Practices Act**
**Nev. Rev. Stat. § 598 *et seq*. and Nev. Rev. Stat. § 41.600(2)(e)**
**(*for the Nevada Class*)**

140.   Plaintiff Andrea Ward repeats the allegations contained in paragraphs 1-53 above as if fully set forth herein.

141.   Plaintiff Andrea Ward brings this claim individually and on behalf of the members of the proposed Nevada Class against Defendant.

142.   Defendant engaged in deceptive trade practices in the course of its business by misrepresenting that Hawaiian Host Products are made in Hawaii when they are not, which was part of the basis of the bargain to purchase the Hawaiian Host

32

Products when Plaintiff Andrea Ward relied on the representation. Defendant has also intentionally and knowingly failed to disclose this information in order to induce purchases. Defendant had a duty to disclose this material information, which it knew at the time of advertising and selling of the Hawaiian Host Products.

143.   Under Nev. Rev. Stat. Ann. § 598.0915 (2), a person engages in a deceptive trade practice if he or she "[k]nowingly makes a false representation as to the source, sponsorship, approval or certification of goods or services for sale or lease." By marketing the Hawaiian Host Products with their current packaging, Defendant has knowingly made a false representation that the source of the Hawaiian Host Products is Hawaii, when it is not. Therefore, Defendant has violated section 598.0915 (2) of the Nevada Deceptive Trade Practices Act.

144.   Nev. Rev. Stat. Ann. § 598.0915 (4) prohibits using "[d]eceptive representations or designations of geographic origin in connection with goods or services for sale or lease." By marketing the Hawaiian Host Products with their current packaging, Defendant has used deceptive representations and designations of the Products' geographical origin (Hawaii).

145.   By engaging in deceptive trade practices, Defendant violated Nev. Rev. Stat. Ann. § 598.0915 (5) by knowingly making false representation as to the characteristics, ingredients, uses, benefits, alterations or quantities of goods or services for sale or lease or a false representation as to the sponsorship, approval, status, affiliation or connection of a person therewith.

146.   Under Nev. Rev. Stat. Ann. § 598.0915 (7), a person engages in a deceptive trade practice if he or she "[r]epresents that goods or services for sale or lease are of a particular standard, quality or grade, or that such goods are of a particular style or model, if he or she knows or should know that they are of another standard, quality, grade, style or model." By marketing the Hawaiian Host Products with their current packaging, Defendant has represented and continues to represent that the

CLASS ACTION COMPLAINT

Hawaiian Host Products are of a particular style (from Hawaii or made in Hawaii) when they are of another. Therefore, Defendant has violated section 598.0915 (7) of the Nevada Deceptive Trade Practices Act.

147.   Under Nev. Rev. Stat. Ann. § 598.0915 (9), a person engages in a deceptive trade practice if he or she "[a]dvertises goods or services with intent not to sell or lease them as advertised." By marketing the Hawaiian Host Products with their current packaging, but not intending to sell a product from Hawaii as advertised, Defendant has violated section 598.0915 (9) of the Nevada Deceptive Trade Practices Act.

148.   Defendant's deceptive omissions were intended to induce Plaintiff Andrea Ward and members of the Nevada Class to purchase Hawaiian Host Products.

149.   Plaintiff Andrea Ward and members of the Nevada Class reasonably and justifiably relied on representations made by Defendant, believing that the Hawaiian Host Products were in fact made in Hawaii when they purchased the products.

150.   Defendant's conduct constitutes deceptive trade practices as defined by the Deceptive Trade Practices Act.  Nev. Rev. Stat. § 598 *et seq*.

151.   Plaintiff Andrea Ward and the members of the Nevada Class have suffered injury in fact and actual damages resulting from Defendant's material omissions and misrepresentations because they paid an inflated purchase price for Hawaiian Host Products. Plaintiff Andrea Ward and the members of the Nevada Class are entitled to recover actual damages, costs and attorneys' fees, and injunctive relief the Court deems proper under Nev. Rev. Stat. § 41.600 (3).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually and on behalf of the Classes, respectfully pray for following relief:

A.   Certification of this case as a class action on behalf of the Classes defined above, appointment of Plaintiffs as Class representatives, and appointment of their

counsel as Class counsel;

B.    A declaration that Defendant's actions, as described herein, violate the claims described herein;

C.    An award of injunctive and other equitable relief as is necessary to protect the interests of Plaintiffs and the Classes, including, *inter alia*, an order prohibiting Defendant from engaging in the unlawful act described above;

D.    An award to Plaintiffs and the proposed Classes of restitution and/or other equitable relief, including, without limitation, restitutionary disgorgement of all profits and unjust enrichment that Defendant obtained from Plaintiffs and the proposed Classes as a result of its unlawful, unfair and fraudulent business practices described herein;

E.    An award of all economic, monetary, actual, consequential, compensatory, and treble damages caused by Defendant's conduct;

F.    An award of punitive damages;

G.    An award to Plaintiffs and their counsel of their reasonable expenses and attorneys' fees;

H.    An award to Plaintiffs and the proposed Classes of pre and post-judgment interest, to the extent allowable; and

I.    For such further relief that the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs, on behalf of themselves and the proposed Classes, hereby demand a jury trial with respect to all issues triable of right by jury.

DATED:  November 17, 2020      **FARUQI AND FARUQI, LLP**

By: */s/Benjamin Heikali*
Benjamin Heikali

35

Joshua Nassir

**The Wand Law Firm, P.C.**
Aubry Wand

*Attorneys for Plaintiffs and the Putative Classes*

36

CLASS ACTION COMPLAINT

**<u>CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)</u>**

I, Alison Toy, declare as follows:

1.      I am a named Plaintiff in this action and a citizen of the State of California. I have personal knowledge of the facts stated herein and, if called as a witness, I could testify competently thereto.

2.      This Class Action Complaint is filed in the proper place of trial because I purchased the Products in this District.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, executed on _____9/2/2020 | 12:27 AM PDT_____, in Yorba Linda, California.

_____

Alison Toy